UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES A. JALOVEC,

                        **Plaintiff,**

v.                                                        Case No. 05-C-250

SYNAGRO MIDWEST, INC.,

                        **Defendant.**

## ORDER REGARDING THE PARTIES' MOTIONS IN LIMINE

The parties have filed numerous motions in limine. Upon consideration of the pleadings submitted regarding these motions, the court now enters the following orders:

**PLAINTIFF'S MOTIONS IN LIMINE**

FIRST MOTION IN LIMINE To Bar Elicitation Of Expert Testimony From Attorney Jeffrey J. Mawicke (Docket No. 96.) Response (Docket No. 146.)

**Granted.** Attorney Jeffrey Mawicke may testify as a fact witness. As a lay witness, his testimony shall be limited by Federal Rule of Evidence 701.

SECOND MOTION IN LIMINE To Bar Elicitation Of Expert Testimony From Attorney Alvin L. Thomas, II (Docket No. 97.) Response (Docket No. 144.)

**Granted.** Attorney Alvin L. Thomas, II may testify as a fact witness. As a lay witness, his testimony shall be limited by Federal Rule of Evidence 701.

THIRD MOTION IN LIMINE To Bar Introduction Of Evidence Concerning Applicability Of Subcontract Paragraph 8.2(iv) (Docket No. 98.) Response (Docket No. 183.)

**Granted in part.** The term "cited" is not ambiguous and it pertains only to formal citations issued by government agencies, and thus a party is not "cited" by a government agency, as that term

is used in the subcontract, when the government agency merely alerts it of an issue or a concern. Therefore, subcontract Paragraph 8.2(iv) is admissible under Federal Rules of Evidence 401, 402 and 403 only if there is evidence to indicate that the plaintiff was ever issued a formal citation by a government agency.

FOURTH MOTION IN LIMINE To Bar Introduction Of Evidence Concerning Property Taxes For Peter Cooper Building (Docket No. 99.) Response (Docket No. 179.)

**Granted**. The lease, which is the document setting forth the obligation for property taxes, clearly states that it is between Oak Creek Storage and A & J Cartage, Inc. The subcontract, pursuant to which the defendant files its counterclaim against the plaintiff, does not refer to the payment of property taxes. Thus, the defendant has failed to name the appropriate party in its counterclaim. Permitting the defendant to amend the counterclaim now, literally days before trial, would be prejudicial to the plaintiff and Oak Creek Storage. Although the defendant alleges now that it seeks to pierce the corporate veil by demonstrating that the plaintiff is an alter-ego of Oak Creek Storage, the defendant failed to allege this theory of liability in its counterclaim. As such, it is precluded from doing so now. Therefore, the defendant is precluded from introducing evidence relating to its counterclaim for property taxes.

FIFTH MOTION IN LIMINE To Bar Introduction Of Evidence Concerning Roof Repairs At Peter Cooper Building (Docket No. 100.)Response (Docket No. 184.)

**Denied**. The lease and the subcontract are not ambiguous. According to the terms of the subcontract, the plaintiff assumed the obligations of the tenant under the lease in regard to maintenance. See, paragraph 2.9. Section 1.8 of the lease clearly sets forth the tenant's maintenance responsibility, which it defines as an obligation to "maintain and repair the entirety of the Leased Property." (Docket No. 127-2 at 2.)

2

MOTION IN LIMINE To Bar Introduction Of Evidence Concerning Maintenance Of Peter Cooper Building (Docket No. 101.) Response (Docket No. 172.)

**Denied**. The defendant has demonstrated that it has provided information pursuant to Federal Rule of Civil Procedure 26 regarding its damages regarding the maintenance of the Peter Cooper Building.

MOTION IN LIMINE To Bar Introduction Of Evidence Concerning Subcontract's Indemnification Provisions (Docket No. 102.) Response (Docket No. 177.)

**Granted**. The subcontract clearly states that the plaintiff's indemnification obligation extends only to actions brought against the defendant by third parties. See, paragraph 2.7. Therefore, evidence relating to the indemnification agreement is not relevant to the present dispute and shall be excluded pursuant to Federal Rules of Evidence 401, 402, and 403.

**DEFENDANT'S MOTIONS IN LIMINE**

FIRST MOTION IN LIMINE Liability Insurance (Docket No. 106.) Response (Docket No. 150.) Brief in Opposition (Docket No. 185.)

**Granted in part.** The plaintiff has stated he has no objection to the defendant's motion. However, the court shall deny the defendant's request for the court to instruct the plaintiff and related individuals. If there is an alleged breach of this order, the defendant can ask for enforcement at trial, and the court shall address the matter at that time.

SECOND MOTION IN LIMINE Undisclosed Witnesses (Docket No. 108.) Brief in Opposition (Docket No. 151.)

**Denied without prejudice**. The defendant's request is overly broad and vague. Any specific objections should be raised at trial.

THIRD MOTION IN LIMINE Re: Settlement Negotiations (Docket No. 109.) Brief in Opposition (Docket No. 152.)

**Granted in part.** The plaintiff has stated he has no objection to the defendant's motion. However, the court shall deny the defendant's request for the court to instruct the plaintiff and related individuals. If there is an alleged breach of this order, the defendant can ask for enforcement at trial, and the court shall address the matter at that time.

FOURTH MOTION IN LIMINE Re: Lack of Sophistication of Parties (Docket No. 110.) Brief in Opposition (Docket No. 153.)

**Denied without prejudice.** This is a matter of relevance to be determined at trial.

FIFTH MOTION IN LIMINE Re: Implied Duty of Good Faith and Fair Dealing (Docket No. 111.) Brief in Opposition (Docket No. 154.)

**Denied.** This is a matter to be addressed at the jury instruction conference.

MOTION IN LIMINE No. 6 - Re: Best Efforts Standard (Docket No. 112.) Brief in Opposition (Docket No. 155.)

**Denied.** This is a matter to be addressed at the jury instruction conference.

MOTION IN LIMINE No. 7 - Re: Hearsay (Docket No. 113.) Brief in Opposition (Docket No. 156.)

**Denied without prejudice.** This is a matter to be determined based upon a specific objection raised at trial.

MOTION IN LIMINE No. 8 - Re: Material Breach (Docket No. 114.) Brief in Opposition (Docket No. 157.)

**Denied.** This is a matter to be addressed at the jury instruction conference.

MOTION IN LIMINE No. 9 - Re: Redactions (Docket No. 116.) Brief in Opposition (Docket No. 158.)

**Granted in part.** The plaintiff has stated he has no objection to the defendant's motion and therefore the court shall grant the plaintiff's motion. However, the court shall deny the plaintiff's request for instructions by the court. Potential violations shall be addressed at trial. The court shall instruct the jury regarding redactions during trial if appropriate.

MOTION IN LIMINE No. 10 - Re: Principal - Agency Relationship (Docket No. 117.) Brief in Opposition (Docket No. 159.)

**Denied.** This is a matter to be addressed at the jury instruction conference.

MOTION IN LIMINE No. 11 - Re: Notice Provision (Docket No. 118.) Brief in Opposition (Docket No. 160.)

**Denied.** This is a matter to be addressed at the jury instruction conference.

MOTION IN LIMINE No. 12 - Re: Localities (Docket No. 119.) Brief in Opposition (Docket No. 161.)

**Denied without prejudice**. References to locations can be made at trial if relevant. Defendant may make specific relevancy objections at trial.

MOTION IN LIMINE No. 13 - Re: Contract Interpretation (Docket No. 120.) Brief in Opposition (Docket No. 162.)

**Denied without prejudice**. Although the plaintiff has no objection to the defendant's motion in principle, this is a matter for trial and dependent upon the testimony presented. In other words, only persons designated as experts can offer an expert opinion, and the defendant may make any specific objection at trial.

MOTION IN LIMINE No. 14 - Re: DNR Violation (Docket No. 121.) Brief in Opposition (Docket No. 163.)

**Denied without prejudice**. The defendant's motion is too vague. Any specific objection should be raised at trial.

MOTION IN LIMINE No. 15 - Re: "Aspen Gang" (Docket No. 122.) Brief in Opposition (Docket No. 164.)

**Granted in part.** The plaintiff has stated he has no objection to the defendant's motion and therefore the court shall grant the plaintiff's motion. However, the court shall deny the plaintiff's request for instructions by the court. Potential violations shall be addressed at trial.

MOTION IN LIMINE No. 16 - Re: Conspiracy Theory and Tortious Interference (Docket No. 123.) Brief in Opposition (Docket No. 165.)

**Denied without prejudice**. There are no conspiracy or tortious interference claims raised in this case. However, the terms may be relevant if they were mentioned during the various interactions of the parties. Also, the term "conspiracy" has lay meanings. Therefore, any specific objection should be raised at trial and the court shall resolve the matter at that time.

MOTION IN LIMINE No.17 - Re: Post-Termination Conduct (Docket No. 124.) Brief in Opposition (Docket No. 166.)

**Denied without prejudice**. The defendant's motion is too vague. The court will only be able to assess the relevancy and admissibility of such testimony at trial.

MOTION IN LIMINE No. 18 - Re: Racine Testimony as to Jalovec's Performance (Docket No. 125.) Brief in Opposition (Docket No. 167.)

**Denied without prejudice**. The witnesses can testify as to conduct and offer personal observations, but cannot offer legal opinions. The defendant may make any specific objections at trial.

MOTION IN LIMINE No. 19 - Re: Retaining Separate Contractor (Docket No. 126.) Brief in Opposition (Docket No. 168.)

**Denied**. This is a matter to be addressed at the jury instruction conference.

MOTION IN LIMINE No. 20 - Re: Oral Agreements (Docket No. 127.) Brief in Opposition (Docket No. 169.)

**Denied without prejudice**. Hearsay objections, including any objection to parol evidence, will be dealt with at trial.

MOTION IN LIMINE No. 21 - Re: Financial Motivation (Docket No. 128.) Brief in Opposition (Docket No. 170.)

**Denied without prejudice**. The relevance of such testimony will depend upon the other evidence received at trial and therefore any specific objection should be reserved for trial.

MOTION TO EXCLUDE Bar Plaintiff's Expert and Memorandum in Support of its Motion to Bar Plaintiff's Expert (Docket No. 131.) Brief in Opposition (Docket No. 181.)

**Denied**. All of the defendant's objections go to the weight the jury should give to the expert's testimony. The defendant has failed to persuade the court that the expert should be precluded from offering his opinion.

**PLAINTIFF'S MOTIONS TO STRIKE**

MOTION TO STRIKE Defendant's Untimely Daubert Motion (Docket No. 136.) Response (Docket No. 175.)

**Denied as moot**. The court's resolution of Docket No. 131 moots the plaintiff's motion.

MOTION TO STRIKE Defendant's Untimely Pretrial Submissions (Docket No. 137.) Response (Docket No. 148.)

**Denied.** The defendant was a day late in filing its pretrial submissions, but under the attendant circumstances, there was no prejudice to opposing party or the court.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 21st day of September, 2007.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge