UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES A. JALOVEC,

                Plaintiff,

v.                                                Case No. 05-C-250

SYNAGRO MIDWEST, INC.,

                Defendant.

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE #22
## AND PLAINTIFF'S MOTION TO STRIKE

On September 21, 2007, the defendant Synagro Midwest, Inc. filed its motion in limine #22. In this motion, the defendant requests that the court preclude the plaintiff James A. Jalovec from seeking to introduce, or produce any evidence, in regard to exhibits 5, 25, 37 and 38. The basis for the defendant's motion is that these exhibits, which are listed on plaintiff's final pretrial exhibit list, were not previously disclosed to defendant.

The plaintiff has not only responded to the motion, but filed a separate motion requesting that the court strike the defendant's motion as untimely. First of all, the plaintiff's motion to strike is superfluous; it is unnecessary. If a ground for denying the defendant's motion is that it is untimely, the plaintiff should have included that objection in his response.

The parties are required to list all exhibits that they may introduce at trial in their final pretrial report. One of the purposes of this requirement is that it gives the parties an opportunity to file appropriate motions in limine in regard to certain exhibits prior to the final pretrial conference. This was done, and the court has considered and decided the motions in limine that were filed.

Another purpose of listing exhibits is to, in advance of trial, resolve any objections to the authenticity of a particular exhibit. To this end, the court asked whether each party had an opportunity to review the opposing party's exhibits as listed in the reports. Counsel for the plaintiff stated that certain of defendant's exhibits had not been disclosed, but defendant's attorney disagreed. To resolve this dispute, the court ordered that the defendant provide copies by a date certain, and then permitted the plaintiff to file an additional motion in limine no later than September 21.

The exchange between the court and counsel for the defendant at the final pretrial conference was as follows:

> "Court: Mr. Krippner, have you seen all of those exhibits or are there any you have not seen?
>
> Mr. Krippner: There's just one, your honor, that we haven't seen. Or is it two? No, I believe we've seen all the exhibits at this point, your honor."

From the foregoing colloquy, it is clear that the defendant acknowledged seeing all of the exhibits listed in the plaintiff's pretrial report. As such, there is no basis for the defendant's motion in limine #22. The pretrial order entered by the court was based upon the representations of the parties at the conference. Had defendant's counsel indicated that there was a need to see certain exhibits listed by plaintiff before a motion in limine could be considered, such relief would have been granted, as it was to plaintiff. No such request was made.

Parenthetically, the court notes that, in the plaintiff's response, plaintiff indicates that exhibits 37 and 38 are now moot. Further, exhibit 5 was previously provided to the defendant during the mediation process, and exhibit 25 was disclosed during the depositions of Racine utility employees.

The defendant's motion in limine #22 (Docket No. 194) is **denied**.

The plaintiff's motion to strike (Docket No. 196) is **denied** as moot.

SO ORDERED.

Dated at Milwaukee, Wisconsin, this  24th day of September, 2007.

s/AARON E. GOODSTEIN<br>U.S. MAGISTRATE JUDGE