UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JAMES A. JALOVEC,**

        **Plaintiff,**

        v.                                                         **Case No. 05-C-250**

**SYNAGRO MIDWEST, INC.,**

        **Defendant.**

---

## ORDER DENYING MOTION TO STAY JUDGMENT AND WAIVE SUPERSEDEAS BOND

---

Following an eight-day jury trial, on October 11, 2007, the jury returned a verdict in favor of James A. Jalovec ("Jalovec") and against Synagro Midwest Inc., ("Synagro") and awarded Jalovec $557,830.00 in damages. (Docket No. 215.) The jury also rejected Synagro's counterclaim. (Docket No. 215.) Pursuant to this jury verdict, judgment was entered accordingly. (Docket No. 216.)

On December 7, 2007, the court resolved the parties' various post-trial motions, (Docket No. 244,) and ordered the judgment modified to include an award of attorneys' fees and costs in favor of Jalovec, (Docket No. 245).

On January 7, 2008, Synagro filed a notice of appeal, (Docket No. 249), and a motion to stay the judgment and waive supersedeas bond on appeal, (Docket No. 247). Jalovec has responded to this motion, (Docket No. 251,) and Synagro has replied, (Docket No. 253).

Federal Rule of Civil Procedure 62(d) states:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

However, a court may, at its discretion, stay the judgment without requiring an appellant to post a bond. Olympia Equipment Leasing Co. v. Western Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986). "[T]he reason for an appeal bond is to give the plaintiff security while execution is postponed." Northern Indiana Public Service Co. v. Carbon County Coal Co., 799 F.2d 265, 281 (7th Cir. 1986). The Seventh Circuit has recognized two general categories of cases where it may be appropriate for the district court to stay the judgment without requiring bond:

> [1] where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and [2] -- the opposite case, one of increasing importance in an age of titanic damage judgments -- where the requirement would put the defendant's other creditors in undue jeopardy.

Olympia Equipment Leasing Co., 786 F.2d at 796. Synagro argues that the first scenario is applicable to the present case. The Seventh Circuit subsequently set forth five specific factors that a district court should evaluate when determining whether to stay a judgment without requiring bond.

> (1) the complexity of the collection process;
> (2) the amount of time required to obtain a judgment after it is affirmed on appeal;
> (3) the degree of confidence that the district court has in the availability of funds to pay the judgment;
> (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and
> (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Dillon v. Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988) (internal citations and quotation marks omitted).

Synagro submits numerous financial documents, (see Docket Nos. 247-2, 253-2), in an effort to support its argument that its "ability to pay the judgment is so plain that the cost of the bond would be a waste of money." (Docket No. 247 at 3.) Specifically, Synagro points to the fact that in 2006, Synagro Technologies, Inc., had sales of $346 million, (Docket No. 247 at 3), that in

2006 its total assets totaled $550 million, and in 2006 its net worth was $8 million, (Docket No. 253 at 2).

Jalovec opposes Synagro's motion by pointing out that Synagro Midwest, the defendant in the present case, is now Synagro Central, LLC, which is a separate entity from its parent, Synagro Technologies. (Docket No. 251 at 2.) According to documents filed with the Securities and Exchange Commission, Synagro Central, LLC, is a subsidiary of Synagro – WWT, Inc., which in turn is a subsidiary of Synagro Technologies. (Docket No. 252 at 2.) In this March 2, 2007 SEC filing, Synagro Technologies states that it lost $19.2 million in 2005 and had only $484,000 cash on hand at the end of 2006. (Docket No. 252 at 2.) In April of 2007, The Carlyle Group acquired Synagro Technologies, Inc., and it became a wholly owned subsidiary of Carlyle known as Synatech Holdings, Inc. (Docket No. 252 at 3.)

From a review of the documents submitted by the parties, the court is unable to say that "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." <u>Olympia Equipment Leasing Co.</u>, 786 F.2d at 796. Although Synagro Technologies, Inc. listed its total assets as being nearly $42 million in 2006, it also states that "[c]orporate assets primarily include prepaid expenses, investments in subsidiaries and intercompany loans." (Docket No. 253-2.) Thus, these assets appear to be largely paper assets; the availability of these assets to pay the judgment is unclear. Additionally, although Synagro Technologies had more than $8 million in net income in 2006, it had a more than $19 million loss in 2005 and only $4 million in income in 2004. (Docket No. 251-5.) Further, at the end of 2006, Synagro Technologies had only $484,000 cash on hand, (Docket No. 251-5), less than half the judgment in the present case.

Finally, there is the fact that Synagro has undergone significant corporate changes during the pendency of this litigation. Although such changes are not necessarily uncommon, these substantial changes make it extremely difficult for the court to discern the financial health of

Synagro. While evidence of the financial health of its parent entity may, to some degree, indicate the financial health of defendant Synagro, it is important to remember that it is Synagro that is the defendant in this case. Furthermore, the relevance of historical data regarding the financial health of a parent entity is particularly suspect in light of the parent entity's acquisition by The Carlyle Group, a fact not even mentioned in the defendant's pleadings. Therefore, because the defendant has failed to persuade the court that its ability to pay the judgment is so plain that the cost of the bond would be a waste of money, the court shall deny the defendant's motion to stay the judgment and waive the supersedeas bond.

**IT IS THEREFORE ORDERED** that the defendant's motion to stay judgment and waive the supersedeas bond, (Docket No. 247), is **denied**.

Dated at Milwaukee, Wisconsin this 8th day of February, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge